Michael S. Agruss (SBN: 259567)
AGRUSS LAW FIRM, LLC
22 W. Washington Street, Suite 1500
Chicago, IL 60602
Tel: 312-224-4695
Fax: 312-253-4451
michael@agrusslawfirm.com
Attorney for Plaintiff,
VERONICA COLE

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA
### EASTERN DIVISION

| | |
|---|---|
| VERONICA COLE, <br><br> Plaintiff, <br><br> v. <br><br> PHILLIPS & COHEN ASSOCIATES, LTD, <br><br> Defendant. | Case No.: '14CV0843 CAB NLS <br><br> **PLAINTIFF'S COMPLAINT** |

## PLAINTIFF'S COMPLAINT

Plaintiff, VERONICA COLE ("Plaintiff"), through Plaintiff's attorney, AGRUSS LAW FIRM, LLC, alleges the following against Defendant, PHILLIPS & COHEN ASSOCIATES, LTD ("Defendant"):

### INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. 1692 et seq. ("FDCPA").

2. Count II of the Plaintiff's Complaint is based on Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §1788 et seq. ("RFDCPA").

1

## JURISDICTION AND VENUE

3. This Court has jurisdiction under 28 U.S.C. §§1331, 1367, and 15 U.S.C. §1692k.

4. Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. 1367 grants this court supplemental jurisdiction over the state claims contained within.

5. Venue and personal jurisdiction in this District are proper because Defendant does or transacts business within this District, and a material portion of the events at issue occurred in this District.

## PARTIES

6. Plaintiff is a natural person residing in the Murrieta, Riverside County, California.

7. Plaintiff is a consumer as that term is defined by 15 U.S.C. 1692a(3).

8. Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. 1692a(5) and Cal. Civ. Code § 1788.2(h).

9. Defendant is a debt collector as that term is defined by 15 U.S.C. 1692a(6) and Cal. Civ. Code §1788.2(c).

10. Within the past year, Defendant sought to collect a consumer debt from Plaintiff.

11. Defendant is a collection agency headquartered in Wilmington, New Castle County, Delaware.

12. Defendant is a business entity engaged in the collection of debt within the State of California.

13. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

14. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

15. During the course of its attempts to collect debts allegedly owed to third parties, Defendant

sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

16. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

17. Defendant is attempting to collect a debt from Plaintiff on behalf of the original creditor, Merrick Bank Corporation., account number ending in 8170 ("Account").

18. Plaintiff's alleged debt owed to Merrick Bank Corporation arises from transactions for personal, family, and household purposes.

19. Plaintiff retained the services of Debt Counsel for Seniors and the Disabled ("DCSD") to help with Plaintiff's unsecured debts.

20. DCSD protects seniors, veterans, and the disabled to ensure creditors and collectors do not violate collection laws or garnish federally protected incomes, such as Social Security, Social Security Disability, Veterans benefits, and other federal funds.

21. On August 30, 2013, Defendant mailed a collection letter to Plaintiff regarding the Account. See Defendant's letter attached as Exhibit A.

22. On September 10, 2013, DCSD faxed a notice of representation and cease and desist letter to Defendant at 302-368-0970.  *See* the letter attached as Exhibit B.

23. DCSD's letter was provided to Defendant with Plaintiff's name, last four digits of the account number, and a cease and desist request from both DCSD and Plaintiff.  *Id*.

24. On September 10, 2013, after DCSD's letter was faxed to Defendant, a Transmission Verification Report was generated.

25. According to the Transmission Verification Report, Defendant received DCSD's notice of representation and cease and desist letter on September 10, 2013.

26. Despite having received Plaintiff's cease and desist request and letter informing Defendant of DCSD's representation, on January 10, 2014, Defendant mailed a collection letter to Plaintiff regarding the Merrick Bank Corporation account. *See* the letter attached as Exhibit C.

27. On February 4, 2014, DCSD faxed a notice of representation and cease and desist letter and a cease and desist Order to Defendant at 302-368-0970. *See* the letter and Order attached as Exhibit D.

28. DCSD's letter was provided to Defendant with Plaintiff's name, last four digits of the account number, and a cease and desist request from both DCSD and Plaintiff. *Id*.

29. On February 4, 2014, after DCSD's letter and Order were faxed to Defendant, a Transmission Verification Report was generated.

30. According to the Transmission Verification Report, Defendant received DCSD's notice of representation, cease and desist letter, and cease and desist Order on February 4, 2014.

31. Despite Plaintiff's request that Defendant cease contacting Plaintiff directly in connection with the alleged Merrick Bank Corporation account, Defendant continued to send letters to Plaintiff, seeking and demanding payment on the alleged debt at issue in this case.

**COUNT I**
**DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT**

32. Defendant violated the FDCPA based on the following:

   a. Defendant violated §1692c(c) of the FDCPA by communicating with Plaintiff after Defendant received Plaintiff's cease and desist letter.

WHEREFORE, Plaintiff, VERONICA COLE, respectfully requests judgment be entered against Defendant, PHILLIPS & COHEN ASSOCIATES, LTD. for the following:

4

33. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k.

34. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k.

35. Any other relief that this Honorable Court deems appropriate.

## COUNT II
## DEFENDANT VIOLATED THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

36. Plaintiff repeats and re-alleges paragraphs 1-31 of Plaintiff's Complaint as the allegations in Count II of Plaintiff's Complaint.

37. Defendant violated the RFDCPA based on the following:

    a. Defendant violated the §1788.14(c) of the RFDCPA by communicating with Plaintiff even though Defendant knew Plaintiff was represented by an attorney; and

    b. Defendant violated the §1788.17 of the RFDCPA by continuously failing to comply with the statutory regulations contained within the FDCPA, 15 U.S.C. § 1692 et seq.

WHEREFORE, Plaintiff, VERONICA COLE, respectfully requests judgment be entered against Defendant, PHILLIPS & COHEN ASSOCIATES, LTD, for the following:

38. Statutory damages of $1,000.00 pursuant to the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §1788.30(b),

39. Costs and reasonable attorneys' fees pursuant to the Rosenthal Fair Debt Collection Practices Act, Cal. Civ Code § 1788.30(c), and

40. Any other relief that this Honorable Court deems appropriate.

[INENTIONALLY LEFT BLANK]

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

                      RESPECTFULLY SUBMITTED,

DATED:  April 9, 2014        AGRUSS LAW FIRM, LLC

                        By: /s/  Michael S. Agruss
                            Michael S. Agruss
                            Attorney for Plaintiff
                            VERONICA COLE